UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>IMBERLY</small> D. S<small>IPLE</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>
A<small>DMINISTRATION</small>,

    Defendant.

_____/

Case No. 17-cv-13477

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#14] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#10] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13]

### I. INTRODUCTION

This matter is before the Court on Plaintiff's appeal of the social security commissioner's decision to deny her social security disability benefits. Plaintiff filed an application for social security disability benefits on October 28, 2014, and her initial application was denied. Dkt. No. 10, pg. 6 (Pg. ID 540). Plaintiff then requested an administrate hearing. *Id.* The administrative law judge (ALJ) denied her application on September 14, 2016. *Id.* at pg. 7 (Pg. ID 541). The ALJ found that Plaintiff's impairments, while severe, do not meet or medically equal the severity of one of the listed impairments under the statute. Dkt. No. 7-2, pg. 55

1

(Pg. ID 87). Further, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work that includes the option to alternate between sitting and standing every 15–30 minutes and only requires occasional decision making. *Id.* at pg. 58 (Pg. ID 90). Plaintiff requested review of the ALJ decision by the Appeals Council; the Appeals Council denied the request for review. Dkt. No. 7-2, pg. 2 (Pg. ID 34).

Plaintiff filed an action in this Court on October 25, 2017. Dkt. No. 1. On April 19, 2018 Plaintiff filed her Motion for Summary Judgment. Dkt. No. 10. Defendant filed a Motion for Summary Judgment on June 20, 2018. Dkt. No. 13. Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") on February 1, 2019, recommending that this Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion. Dkt. No. 14. Plaintiff filed an objection to the R&R on February 15, 2019. Dkt. No. 15. Defendant replied to the objection on February 27, 2019. Dkt. No. 16.

## II. ANALYSIS

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, when objections are "merely perfunctory responses . . . rehashing . . . the same

arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012). In addition, "general objection[s] to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**Objection One**

Plaintiff's first objection asserts that the Magistrate Judge erred when he concluded that the ALJ properly discounted the opinion of Dr. Arielle Stone. Dkt. No. 15, pg. 3 (Pg. ID 604). The Court notes that this objection is almost verbatim to one of the arguments that Plaintiff asserted in her Motion for Summary Judgment. *Compare* Dkt. No. 15, pg. 3 (Pg. ID 604) *with* Dkt. No. 10, pg. 11 (Pg. ID 545). This Court will therefore review the Magistrate Judge's R&R for clear error.

Magistrate Judge Patti concluded that Dr. Stone was not Plaintiff's treating psychiatrist. *See* Dkt. No. 14, pg. 9 (Pg. ID 586). He noted that the record only contained notes from one encounter that Dr. Stone had with the Plaintiff. *Id.* He also found that Plaintiff did not provide any record evidence that established Dr. Stone had a treating relationship with Plaintiff. *Id.* The magistrate ultimately concluded that Plaintiff failed to satisfy her burden to present evidence that Dr. Stone was a treating physician. *Id.* Nonetheless, the magistrate noted that the ALJ did consider Dr. Stone's assessment of Plaintiff. *Id.* at pg. 10 (Pg. ID 587). The ALJ afforded Dr.

Stone's opinions "great weight" to the extent that they were consistent with the record. *Id.*; Dkt. No. 7-2, pg. 61 (Pg. ID 93). The magistrate found that Dr. Stone's "check-box" opinion, which was not accompanied by clinical notes, should not be afforded much weight. Dkt. No. 14, pg. 11 (Pg. ID 588); Dkt. No. 7-7, pg. 139–42 (Pg. ID 465–68). Lastly, the magistrate noted that the ALJ did account for Plaintiff's mental health by limiting her to work with no more than occasional decision making and changes in the work place. Dkt. No. 14, pg. 13 (Pg. ID 590).

The Court finds that the magistrate did not clearly err in his finding that the ALJ afforded Dr. Stone's opinion the appropriate weight. Plaintiff failed to demonstrate that Dr. Stone was a treating physician. Further, Plaintiff's primary argument concerns the ALJ's failure to afford great weight to Dr. Stone's check-box diagnoses. Dkt. No. 15, pg. 4 (Pg. ID 605). These diagnoses contain no accompanying notes. As the magistrate noted, check-box opinions without further explanations are weak medical evidence. *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016); *Jackson v. Comm'r of Soc. Sec.*, No. 1:16-CV-14404, 2017 WL 4699721, at *7 (E.D. Mich. Oct. 19, 2017) (Morris, M.J.). For these reasons, the Court will overrule Plaintiff's first objection.

**Objection Two**

Plaintiff's second objection asserts that the Magistrate Judge erred in determining that the ALJ's decision was supported by substantial evidence. Dkt. No.

15, pg. 4 (Pg. ID 605). More specifically, Plaintiff argues that the ALJ incorrectly determined that she was capable of performing a wide range of sedentary work. *Id.* at pg. 5 (Pg. ID 606).

As noted above, "general objection[s] to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, this Court will overrule Plaintiff's second objection to the extent that it opposes the entirety of the magistrate's decision that substantial evidence supports the ALJ's conclusions.

Plaintiff also objects to the ALJ's finding that she is capable of performing sedentary work. Dkt. No. 15, pg. 5 (Pg. ID 606). Plaintiff states that the ALJ "severely over-estimated" her ability to work and the magistrate incorrectly affirmed this conclusion. *Id.* at pg. 6 (Pg. ID 607). Plaintiff failed to raise this specific objection in her Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment objected to the ALJ's conclusion that she can perform light work. Dkt. No. 10, pg. 15 (Pg. ID 549). As noted by the magistrate, however, the ALJ found that she could perform sedentary work with restrictions. Dkt. No. 14, pg. 20 (Pg. ID 597).

Nonetheless, Plaintiff's objection argues that the magistrate erred in concluding that the ALJ was correct in his conclusions about the type of work Plaintiff is able to perform. Plaintiff, therefore, restates similar arguments to what

5

she asserted in her Motion for Summary Judgment. This Court will therefore review the R&R for clear error.

Magistrate Judge Patti noted that Plaintiff's imaging and lab data did not establish that she suffers from illness that renders her incapable of working. Dkt. No. 14, pg. 21 (Pg. ID 598). Further, the magistrate notes that he was unable to find objective evidence that Plaintiff suffers from any extreme limitations, such as the inability to push, pull or lift. *Id.* at pg. 16 (Pg. ID 550).

The Court finds that Magistrate Judge Patti's findings were not clearly erroneous and the record evidence does not support Plaintiff's objection. For these reasons, the Court will overrule Plaintiff's second objection.

### III. CONCLUSION

Upon review of the parties' briefing and the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge reached the correct conclusion. Accordingly, Plaintiff's objection [#15] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Anthony Patti's February 1, 2019 Report and Recommendation DENYING Plaintiff's Motion for Summary Judgment and GRANTING summary judgment in favor of Defendant.

SO ORDERED.

Dated: March 22, 2019

                                                  s/Gershwin A. Drain
                                                  HON. GERSHWIN A. DRAIN
                                                  United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 22, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager